# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BRIAN ROBERT BLAZER d/b/a CARPENTER BEE SOLUTIONS<br><br>Plaintiff,<br><br>v.<br><br>CHRISMAN MILL FARMS LLC,<br><br>Defendants. | Civil Action No._____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brian Robert Blazer d/b/a Carpenter Bee Solutions ("Plaintiff") by and through their undersigned counsel, files this Original Complaint against Chrisman Mill Farms LLC ("Defendant"):

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, to recover for Defendant's past infringement and to stop Defendant's ongoing willful infringement of United States Patent No. 8,375,624 entitled "Carpenter Bee Traps" (the "'624 Patent"). Plaintiff Carpenter Bee Solutions is the owner of the '624 Patent and seeks injunctive relief and monetary damages for the Defendants' infringement of the '624 Patent.

2. This Complaint also states a cause of action against Defendant for

breach of a one-year license agreement entered into between Plaintiff and Defendant in December 2015. Defendant has repeatedly failed to pay royalties owed under the parties' license agreement, and has refused to honor the terms of the license agreement providing Plaintiff a majority ownership interest in Defendant.

3. Defendant previously filed an anticipatory action in the Eastern District of Kentucky seeking declaratory judgments of noninfringement and invalidity of the '624 Patent. *See Chrisman Mill Farms LLC v. Brian R. Blazer d/b/a Carpenter Bee Solutions*, No. 5:17-CV-00011-DCR (E.D. Ken.). Plaintiff contends that the District Court for the District of Kentucky lacks jurisdiction to hear the parties' dispute, that the anticipatory suit exception to the first-filed rule favors adjudicating the parties' dispute in Alabama, and that adjudicating the parties' dispute in Alabama will preserve judicial resources and help avoid inconsistent rulings since this Court is already hearing a related dispute involving the '624 Patent, specifically *Brian Robert Blazer d/b/a Carpenter Bee Solutions v. eBay, Inc.*, No. 1:15-CV-01059-KOB (N.D. Ala.).

## PARTIES

4. Plaintiff Carpenter Bee Solutions is a sole proprietorship owned and operated by Brian Robert Blazer with a principal place of business located in Cleburne County at 230 County Road 880, Heflin, Alabama 36264.

5. Defendant Chrisman Mill Farms LLC is a limited liability company

organized and existing under the laws of Kentucky with a principal place of business at 2700 Chrisman Mill Road, Nicholasville, Kentucky 40356.

6. Upon information and belief, Mr. Anthony Robinson, an individual, is a member and manager of Defendant Chrisman Mill Farms LLC.

7. Mr. Robinson is a resident of Kentucky.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

9. This Court has supplemental subject matter jurisdiction to hear Plaintiff's breach of contract claims against Defendant because these claims are so related to Plaintiff's claims for patent infringement that they form part of the same case or controversy and arise from the same operative facts.

10. This Court has personal jurisdiction over Defendant under Alabama's long-arm statute because Defendant has repeatedly transacted business in Alabama, has contracted to provide goods in Alabama, has caused tortious injury and damage to Plaintiff in Alabama by acts and omissions performed outside Alabama, and otherwise has minimum contacts with Alabama such that it is fair and reasonable to require Defendant to come to Alabama to defend this action. Ala. R. Civ. P. 4.2.

11. Defendant's contacts with Alabama include, but are not limited to:

(i) Defendant regularly sold and continues to sell infringing wooden carpenter bee traps to customers in Alabama;

(ii) In 2015, Mr. Anthony Robinson, acting on behalf of Defendant, initiated contact with Plaintiff in Alabama seeking a license to the '624 Patent;

(iii) Mr. Robinson, acting on behalf of Defendant, traveled to Plaintiff's residence in Alabama to negotiate a license to the '624 Patent;

(iv) Mr. Robinson, acting on behalf of Defendant, executed a license to the '624 Patent in Alabama;

(v) In 2016, Mr. Robinson, acting on behalf of Defendant, traveled to Plaintiff's residence in Alabama several times to deliver royalty checks owed under the parties' license agreement;

(vi) In 2016, Mr. Robinson, acting on behalf of Defendant, traveled to Plaintiff's residence in Alabama on at least one occasion during which he offered Mr. Blazer a membership position in Defendant Chrisman Mill Farms LLC;

12. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391 and 1400(b).

## BACKGROUND

13. On February 19, 2013, the United States Patent and Trademark Office

duly and legally issued United States Patent No. 8,375,624, entitled "Carpenter Bee Traps." A true and correct copy of U.S. Patent No. 8,375,624 is attached hereto as Exhibit A.

14. Carpenter Bee Solutions is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 8,375,624, including the right to bring suit for past, present and future patent infringement, and to collect past, present, and future damages.

15. Defendant Chrisman Mill Farms LLC was formed in May 2013 to manufacture wooden carpenter bee traps.

16. From its formation until December 29, 2016, Defendant made, used sold and offered for sale wooden carpenter bee traps of a design Defendant referred to as the "Wood Bee Gone Carpenter Bee Trap/Hornet Hotel." This design is shown in Exhibit B, and will hereinafter be referred to as "Wood Bee Gone" traps.

17. On June 24, 2015, Plaintiff filed suit in this Court asserting infringement of the '624 Patent against Amazon.com, Inc. *See Brian Robert Blazer d/b/a Carpenter Bee Solutions v. Amazon.com, Inc.*, No. 1:15-CV-01063-SGC (N.D. Ala.). That suit was ultimately dismissed with prejudice in December 2015 after the parties settled their claims. *Id*. at D.I. 14.

18. Thereafter, in December 2015, Amazon.com, Inc. removed from its website Defendant's listing for the "Wood Bee Gone" trap, rendering Defendant

unable to sell "Wood Bee Gone" traps on www.amazon.com.

19. In December 2015, Anthony Robinson, acting on behalf of Defendant, contacted Plaintiff in Alabama to solicit a license to the '624 Patent.

20. Mr. Robinson then traveled to Plaintiff's home in Alabama to negotiate the terms of Defendant's proposed license.

21. On December 29, 2015, Plaintiff and Defendant reached agreement on the terms of a non-exclusive license which allowed Defendant to sell its "Wood Bee Gone" trap from December 29, 2015 through December 29, 2016. A copy of the parties' agreement is attached hereto as Exhibit C.

22. In exchange, Plaintiff received a $3.00 per-trap royalty and a 51% ownership interest in Defendant Chrisman Mill Farms LLC.

23. The parties' license agreement did not release, settle, compromise or otherwise resolve Plaintiff's claims against Defendant for patent infringement arising from Defendant's making, using, selling or offering to sell infringing articles prior to December 29, 2015.

24. Around the time the parties entered their license agreement, Defendant posted on its Facebook page a photograph of Mr. Robinson and Mr. Blazer, taken at Mr. Blazer's residence in Alabama, along with the following text from Mr. Robinson:

> "Last week it came to our attention that the Wood Bee Gone/Hornet

Hotel Carpenter Bee Trap we make and sell was infringing on a patent. This revelation was quite a shock, as I for years had believed the invention of the carpenter bee trap had been around for decades.

After a considerable amount of research I have concluded that the carpenter bee trap is a relatively new invention. My research led me to meet one of the most brilliant, larger than life individual I have every encountered.

It is now an established fact, that in 2008, Mr. Brian Blazer conceptualized, built and experimented with the very first wooden carpenter bee traps ever made. With the help of his brother Brad, he applied for a patent on his traps during April of 2009 and it took nearly four years before the US Patent Office approved Brian's patent as Patent No. 8,375,624 B2. There is no carpenter bee trap on the market today that would not fall under Brian's patent. His is a truly innovative idea."

25.  This photograph and accompanying text were publicly available on Defendant's Facebook page as late as January 11, 2017. The photograph and accompanying text have since been removed from Defendant's Facebook page.

26.  Around the time the parties entered their license agreement, Mr. Robinson was contacted through eBay's internal messaging system by eBay user "carpenterbeesbegone." Mr. Robinson, acting on behalf of Defendant, wrote to "carpenterbeesbegone" that its wooden carpenter bee trap for sale on eBay "is a

violation of" the '624 Patent and that "Claim No. 1 covers literally every wooden carpenter bee trap on the market."

27. When "carpenterbeesbegone" questioned the validity of the '624 Patent, Mr. Robisnon wrote further that "carpenterbeesbegone" should "do more research" and that he "will find that prior to 2008 there is no mention or reference to carpenter bee traps whatsoever except for Blazer's." Mr. Robinson wrote further, "I have spoken to a patent attorney… our traps are an infringement."

28. On May 5, 2016, a blogger named "Jackie" from Wilmore, Kentucky published an interview with Mr. Robinson on her "Back Porch Reflections" blog. In this interview, Mr. Robinson, acting on behalf of Defendant, said:

> "This past December I was made aware that our carpenter bee traps were infringing on a US Patent held by Brian Blazer from Heflin, Alabama. I promptly visited Mr. Blazer to apologize for my ignorance of his patent and became very good friends with him. In January we secured a license to manufacture and sell our traps under his patent... one of the only two companies legally authorized in the United States."

29. After the parties entered their license agreement, Defendant resumed selling "Wood Bee Gone" carpenter bee traps on amazon.com.

30. After the parties entered their license agreement, Defendant revised its listing on www.amazon.com to include the following language: "Wood Bee Gone

Carpenter Bee Traps are Licensed under US Pat. 8,375,624."

31. On April 18, 2016, Defendant announced on its Facebook page that "Our Wood Bee Gone Carpenter Bee Traps are now a number one seller on Amazon!"

32. Defendant's sales of "Wood Be Gone" carpenter bee traps were higher in 2016 than in any previous year.

33. Defendant's license to sell wooden carpenter bee traps expired on December 29, 2016. That license has not been renewed, and Defendant is not currently licensed or otherwise authorized to practice any claim of the '624 Patent.

34. In response to the expiration of its license, Defendant has redesigned its wooden carpenter bee traps in an unsuccessful attempt to avoid infringement of the '624 Patent. Defendant refers to the redesigned model as the "Wood Be Gone II" carpenter bee trap. Defendant's "Wood Be Gone II" carpenter bee trap is illustrated in Exhibit D.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,375,624

35. Plaintiff hereby incorporates paragraphs 1-34 as if fully set forth herein.

36. Defendant has in the past and continues to directly infringe at least claims 1-4, 7 and 10 of the '624 Patent in violation of 35 U.S.C. §§271(a).

37. Defendant's past direct infringing acts include, but are not limited to, Defendant's making, using, selling, and offering to sell unauthorized, "Wood Be

Gone" wooden carpenter bee traps that infringe at least claims 1-4, 7 and 10 of the '624 Patent from May 2013 through December 28, 2015.

38. A claim chart comparing Defendant's original "Wood Be Gone" carpenter bee trap to claims 1-4, 7 and 10 of the '624 Patent is attached hereto as Exhibit B.

39. Defendant's current and ongoing direct infringing acts include, but are not limited to, Defendant's making, using, selling, and offering to sell unauthorized "Wood Be Gone II" wooden carpenter bee traps that infringe at least claims 1-4, 7 and 10 of the '624 Patent from December 30, 2016 through the present day.

40. A claim chart comparing Defendant's "Wood Be Gone II" carpenter bee trap to claims 1-4, 7 and 10 of the '624 Patent is attached hereto as Exhibit D.

41. Since at least December 30, 2016, Defendant has either knowingly infringed or deliberately avoided confirming its high probability of wrongdoing, and therefore has and continues to willfully infringe at least claims 1-4, 7 and 10 of the '624 Patent.

42. Infringement of the '624 Patent by Defendant has been, and continues to be, objectively reckless, willful and deliberate, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284 and to attorneys' fees pursuant to 35 U.S.C. § 285.

43. Plaintiff Carpenter Bee Solutions is actively engaged in the business of

licensing the '624 Patent and selling its own wooden carpenter bee traps practicing the '624 Patent, a business which has been severely damaged by Defendant's infringement of the '624 Patent. Plaintiff has suffered and continue to suffers damages as a direct and proximate result of Defendant's infringement of the '624 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

44.     Plaintiff is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '624 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) its lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a permanent injunction.

## COUNT II
## BREACH OF CONTRACT

45.     Plaintiff hereby incorporate paragraphs 1-44 as if fully set forth herein.

46.     On December 29, 2015, Plaintiff and Defendant entered a written contract, attached hereto as Exhibit C.

47.     Plaintiff has satisfied all of its obligations under the terms of the parties' written contract.

48.     Defendant has breached by failing to pay Plaintiff the full amount of royalties owed under the parties' written contract.

49.     Plaintiff is entitled to damages adequate to remedy this breach.

50. Defendant has breached by refusing to recognize the majority ownership interest in Defendant that was granted to Plaintiff by the parties' agreement.

51. Plaintiff is entitled to specific performance to remedy this breach in the form of a judgment that Plaintiff owns 51% of Defendant as provided in the parties' agreement.

## DEMAND FOR JURY TRIAL

52. Plaintiff hereby requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '624 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of patent infringement together with pre-judgment and post-judgment interest;

C. That one or more of Defendant's acts of infringement be found to be willful from the time that Defendants were informed of the infringing

nature of their actions, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the '624 Patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

F. That this Court award Plaintiff damages adequate to compensate it for Defendant's breach of contract;

G. That this Court grant Plaintiff specific performance and award Plaintiff the 51% ownership interest in Defendant Chrisman Mill Farms LLC to which he is entitled; and,

H. Any further relief that this Court deems just and proper.

Respectfully submitted this 27th day of February, 2017.

/s/ Joseph J. Gleason
Joseph J. Gleason
Georgia Bar No. 297202
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, Georgia 30324
Telephone: (404) 594-3550
Email: joe@gleason.legal

                                    Steven M. Brom
                                    Alabama Bar No. BRO202
                                    **BACHUS & BROM LLC**
                                    4908 Cahaba River Road
                                    Suite 100
                                    Birmingham, Alabama 35243
                                    Telephone: (205) 970-6747
                                    Facsimile: (205) 970-7776
                                    Email: sbrom@bachusbrom.com

                                    **Attorneys for Plaintiff**