FILED
2017 Jun-21  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **BRIAN ROBERT BLAZER**<br>**D/B/A CARPENTER BEE SOLUTIONS**<br><br>　　　**Plaintiff,**<br><br>**v.**<br><br>**CHRISMAN MILL FARMS, LLC**<br><br>　　　**Defendant.** | **Case No. 1:17-cv-0320-VEH** |

## PLAINTIFF'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO TRANSFER VENUE

COMES NOW Defendant, Chrisman Mill Farms, LLC ("CMF"), by and through counsel, for its Reply to the Plaintiff's Response in Opposition to Motion to Transfer Venue.

## I.　　NATURE OF THE CASE

This is Plaintiff's case that he chose to bring in the Northern District of Alabama. The previous matter, a declaratory judgment action raised by the Defendant in the Eastern District of Kentucky (the "Declaratory Judgment Action") where venue was decided pursuant to 28 U.S.C. § 1391, was jointly dismissed without prejudice and is wholly irrelevant. The Plaintiff's patent infringement case is subject to the venue requirements of § 1400(b), not § 1391. Venue for this matter was never addressed by the Eastern District of Kentucky, nor could it have been.

Even if venue had been waived by the previous action, and Blazer cites no authority for that contention, it would be of no consequence since waiver of venue in one action does not constitute a waiver of venue in a second action. *Burris v. Matson Nav. Co.*, 37 F. Supp. 648, 649 (S.D.N.Y. 1940); see also *Harmon v. Boland*, 90 F. Supp. 559, 560 (S.D.N.Y. 1950).

## II.   PLAINTIFF'S FLAWED VENUE ANALYSIS

The Plaintiff alleges that venue is proper in the Northern District of Alabama under § 1400(b) in arguing that is (a) where the infringement takes place, and (b) where the Defendant has a "regular and established place of business." Notably, there are no facts alleged in Plaintiff's Amended Complaint, nor in its Response to this Motion, that support the contention that any infringing acts took place in Alabama. Moreover, the Plaintiff's argument that the Defendant has a "regular and established place of business" in this judicial district is merely a self-serving statement with no basis in fact or law. CMF has never taken the position that it had a regular and established place of business in Alabama, and Blazer's assertion otherwise is a fabrication. It would have been more accurate to say that coordinated business activities were conducted out of Kentucky, but that would not create a regular and established place of business, just an argument for sufficient contacts under § 1391.

Notably, the Plaintiff vigorously denied the existence of any joint venture in the previous Declaratory Judgement Action but did proffer a forged document (ECF No. 1-3) as false evidence in this matter to claim part ownership in the Kentucky based Defendant, and through which he now seeks to assert that CMF had a regular and established place of business in Alabama. Irrespective of the Plaintiff's fraud on this Court, any concerted action between the parties only took place under the license, was temporary in nature, and occurred only in Kentucky.

**A.    The Meaning of "Regular and Established Place of Business"**

The Federal Circuit addressed the scope of a "regular and established place of business" in its *Cordis* decision. In *Cordis*, Medtronic sued Cordis for patent infringement in the United States District Court for the District of Minnesota. *In re Cordis Corp.,* 769 F.2d 733, 734 (Fed. Cir. 1985). Cordis did market and sell the accused products in Minnesota through employees that worked from their homes in Minnesota where the products were stocked and shipped.

The court distinguished the cases relied on by Cordis in its challenge to venue. The first, *Phillips v. Baker,*[1] involved a business operation that was seasonal in nature and not permanent. *Id.* at 736. The court distinguished *Phillips* by noting that, unlike Cordis' presence in Minnesota, "the company's presence within the

---

[1] *Phillips v. Baker*, 121 F.2d 752 (9th Cir. 1941).

district [in *Phillips*] was merely temporary, and there was no way to contact its representatives except by communication with the home office in Florida." *Id.*

Cordis also relied on *University of Illinois Foundation v. Channel Master*,[2] in which the Seventh Circuit found that venue was improper where Channel Master, a New York corporation, was sued in Illinois for patent infringement. The only Channel Master employee in the district was a sales person that worked from home. The court, however, distinguished *University of Illinois* by noting that all orders were taken from, all payments made to, and all sales shipped from the New York home office, and not from the employee's home office as with the Cordis employees.

Notably, Blazer has only alleged that CMF had a permanent and continuous presence in Alabama through the presence of Blazer, who falsely claims to be a member of CMF.   ECF No. 1-3.   Blazer does not even allege that the "joint venture" conducted any activities in the State of Alabama or bother to explain how CMF's activities could create a regular and established place of business in Alabama.

### B.      The Timing of a "Regular and Established Place of Business"

In *Welch Scientific Co. v. Human Engineering Institute Inc.*, the 7th Circuit held that a "regular and established place of business" need not exist in the district

---

[2] *University of Illinois Foundation v. Channel Master*, 382 F.2d 514 (7th Cir. 1967).

at the time the complaint is filed, as long as it existed "**at the time the cause of action accrued** and suit is filed within a reasonable time thereafter." *Welch Scientific Co. v. Human Engineering Institute Inc.*, 416 F.2d 32, 35 (7th Cir. 1969) (emphasis added).

Here, there is no dispute that any business relationship between the parties existed only for the period of time in which CMF had a license from Blazer, thus even if Blazer succeeds in his novel argument that CMF had a regular and established place of business in this judicial district, a "regular and established place of business" could only have existed in Alabama, if at all, during the time period where no infringement could take place, i.e. during the license term.

## III.   NO WAIVER OF THE DEFENSE OF IMPROPER VENUE

The Plaintiff is simply incorrect in stating that answering a complaint, raising compulsory counterclaims, or raising permissive counterclaims waive objections to venue.  As is well understood, Rule 12 permits the Defendant to raise 12(b) defenses in an answer and Rule 12(h) indicates that raising those defenses in an answer preserves those defenses.  The Defendant properly raised the Rule 12(b)(3) defense of improper venue pursuant to 28 U.S.C. § 1400(b) in its Answer.  ECF. No. 8, page 9.  The plain language of Rule 12(h)(1)(B)(ii) clearly indicates that a Rule 12(b) defense is not waived if it is raised in a

responsive pleading or in an amendment allowed by Rule 15(a)(1). Fed. R. Civ. P. 12(h)(1)(B).

The Plaintiff's outdated argument that merely participating in litigation waives even timely objections to 12(b) defenses is derived from cases that predate the 1966 amendments to Rule 12. The "Notes of Advisory Committee on 1966 Amendments" clarified that Rule 12(h)(1) preserved 12(b) defenses raised in a responsive pleading, even one joined with counterclaims. USCS Fed Rules Civ Proc R 12. Specifically, Rule 12(h)(1)(B)(ii) indicates that raising a 12(b) defense in a responsive pleading or in an amendment under Rule 15(a)(1) avoids waiver of that defense. *Id*.

The Plaintiff improperly relies on *Neirbo* for its assertion that answering a complaint or filing counterclaims waives any objection to venue. *Neirbo* was decided in 1939, long before the 1966 amendments to Rule 12. More importantly, *Neirbo* relies on the holding in *Commercial Ins. Co*. *v. Consol. Stone Co. to support its contention that venue may be waived by conduct, but the conduct that led to a waiver of venue in Commercial Ins. Co. was the entry of a default judgment, i.e. full adjudication of the matter before that court. Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177, 178, 49 S. Ct. 98, 98 (1929).

In *Freeman*, a 1943 decision, the defendant waived any objection to venue by failing to assert it and by removing the case to federal court. *Freeman* does not

hold that an objection to venue is waived by filing a counterclaim, but that the defendant had participated sufficiently in litigation as to effect a waiver. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 453 (1943).

The Plaintiff's reliance on *Rubens* is also misplaced. *Rubens* was also decided prior to 1966. The *Rubens* court merely holds that "[i]mproper venue would not render [a] judgment void" in a matter that had already been fully adjudicated. *Rubens v. Ellis*, 202 F.2d 415, 416-17 (5th Cir. 1953).

A case more on point from the 5th Circuit indicates that "[n]ot only is there nothing in Rules 12(h) or 12(b) which suggests that venue defense is waived by filing counterclaim, but language in Rule 12(b) appears to implicitly authorize defendant to join its defenses with its counterclaims without waiving those defenses." *Happy Mfg. Co. v. Southern Air & Hydraulics, Inc.*, 572 F Supp 891 (N.D. Tex. Aug. 23, 1982). Moreover, the Eleventh Circuit has held that "defendants may preserve their objections to venue pending discovery of the true facts merely by raising a timely objection to venue under Fed. R. Civ. P. 12(b), thus 'buying time' to determine the propriety of venue through the various discovery mechanisms.." *Manley v. Engram*, 755 F.2d 1463, 1469 (11th Cir. 1985).

Blazer's reliance on *Goldberg v. Wharf Constructers* is also lacking. The *Goldberg* case, a pre-1966 decision, merely mentions, but does not apply, the

aforementioned *Rubens* decision. *Goldberg v. Wharf Constructers, Inc.*, 209 F. Supp. 499, 502 (N.D. Ala. 1962).

In his analysis of the alleged waiver of the defense of improper venue under § 1400(b), the Plaintiff only cites cases related to 28 U.S.C. § 1391 and fails to consider how Federal Circuit caselaw treats waivers of Rule 12(b) defenses. Federal Circuit caselaw is applied to both substantive and procedural issues involved in the enforcement of patent rights, not the law of the circuit in which the matter is filed. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Improper venue pursuant to § 1400(b) relates to the enforcement of patent rights, but even if it did not, "a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to our exclusive control by statute, or if it implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction." *In re Queen's Univ.*, 820 F.3d 1287, 1290-91 (Fed. Cir. 2016), quoting *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999).

Importantly, the Federal Circuit has held that Rule 12(b) defenses are not waived by the filing of answers, compulsory counterclaims, or even permissive counterclaims so long as the requirements of Rule 12(h)(1) are satisfied. *Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307-08 (Fed. Cir. 2005).

The Federal Circuit further held that "requiring a defendant to raise his . . . defenses by motion when he intends to file a counterclaim in his responsive pleading . . . would be contrary to the option provided to the defendant in Rule 12(b). *Id* at 1308. In *Rates Tech*, the Federal Circuit voiced approval of the Third, Fifth, Ninth, and D.C. Circuit Courts of Appeals which have held that a waiver of a Rule 12(b) defense raised in an answer could only occur due to litigation conduct when extensive pre-trial litigation had preceded the defendant's use of the defense. *Id*. The First and Seventh Circuits have also adopted the position that the filing of answers and counterclaims do not waive Rule 12(b) defenses. G*en. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 24 (1st Cir. 1991); and *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008).

Also worth noting is the Plaintiff's misunderstanding of what constitutes a compulsory counterclaim. The Plaintiff raised a cause of action for breach of contract for failure to pay all owed royalties for the very products which the Defendant is alleging breach of warranty. ECF. No. 3, ¶¶ 51-55. The Defendant raised the issue of defective licensed goods it purchased from the Plaintiff and has stated a cause of action for breach of warranty. ECF No. 8, ¶¶ 125-133. The Defendant's cause of action for breach of warranty regarding the products for which it is accused of not paying all royalties is clearly compulsory.

## IV.   TRANSFER OF VENUE IS REQUIRED

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 577 (2013), quoting 28 U.S.C. § 1406(a).  Section 1406(a) "**instructs** a court to transfer a case from the 'wrong' district to a district "in which it could have been brought."  *Id* at 578; citing 28 U.S.C. § 1406(a) (emphasis added). Since the Plaintiff's causes of action should have been brought in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1400(b), this matter must be transferred there pursuant to 28 U.S.C. § 1406(a).

## V.    CONCLUSION

Venue is clearly improper in the Northern District of Alabama.  Pursuant to 28 U.S.C. § 1400(b), this action should have been filed in the Eastern District of Kentucky and must be transferred pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 21st day of June 2017.

/s/ James M. Francis
James M. Francis
Francis Law Firm
2333 Alexandria Dr.
Lexington, KY 40504
Phone: (859) 519-0755
Fax:   (859) 201-1315
E-mail: jim@francis-law.com
Admitted Pro Hac Vice
*Counsel for Defendant*

/s/ Brenen G. Ely
Alabama Bar No. ASB-0366-E54B
Ely and Isenberg, PLLC
2100-B Southbridge Parkway, Suite 380
Birmingham, AL 35209
Telephone: 205-313-1200
Facsimile: 205-313-1201
E-mail: bely@elylawllc.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on June 21, 2017, I electronically filed this document with the

Clerk of Court using CM/ECF, which will send electronic notification of such

filing to the following counsel of record.

Joseph J. Gleason
GLEASON LAW LLC
780 Morosgo Drive #14084
Atlanta, Georgia 30324
E-mail: joe@gleason.legal
*Counsel for Plaintiff*

Steven M. Brom
BACHUS & BROM LLC
4908 Cahaba River Road
Suite 100
Birmingham, Alabama 35243
E-mail: sbrom@bachusbrom.com
*Counsel for Plaintiff*

/s/ Brenen G. Ely
Brenen G. Ely
*Counsel for Defendant*

11