IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN ROBERT BLAZER, d/b/a<br>CARPENTER BEE SOLUTIONS,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISMAN MILL FARMS LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:17-CV-320-VEH<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

On February 27, 2017, Plaintiff Brian Robert Blazer, d/b/a/ Carpenter Bee Solutions ("Mr. Blazer")[1] initiated this action against Defendant Chrisman Mill Farms, LLC ("CMF")[2]. (Doc. 1). In his Amended Complaint (doc. 3), Mr. Blazer alleges, inter alia, that CMF infringed a patent that he owns, specifically, U.S. Patent No. 8,375,624 ("the '624 Patent"), which covers an insect trap meant for carpenter bees. He also alleges a breach of contract claim.

On May 31, 2017, CMF a motion to transfer venue of this action to the Eastern District of Kentucky. (Motion, doc. 12; brief, doc. 13). Mr. Blazer

---

[1] Mr. Blazer is an individual and citizen of the State of Alabama.

[2] CMF is a Kentucky LLC whose sole member is an individual who is a citizen of the State of Kentucky. CMF accordingly is a citizen of the State of Kentucky.

opposed the Motion on June 14, 2017. (Doc. 16). CMF replied on June 21, 2017. (Doc. 17). Thus, the Motion is now ripe for determination.

I. **Procedural Background**

This case has an interesting and, indeed, in this judge's experience, unique procedural background. Because that background features prominently in Mr. Blazer's opposition to the Motion, it will be set out in this Memorandum Opinion.

The short version is that CMF was selling carpenter bee traps that infringed Mr. Blazer's patent. When Mr. Blazer told CMF he had a patent that covered CMF's traps, CMF agreed. Mr. Blazer and CMF then entered into a license agreement permitting CMF to sell the traps and obligating CMF to pay royalties to Mr. Blazer. The license agreement expired in December 2016.

Because it no longer had a license, CMF modified its carpenter bee trap in a manner that it believed avoided the claims covered by Mr. Blazer's patent. CMF sold its modified carpenter bee trap through sites such as Amazon. Mr. Blazer told CMF the modified trap infringed his patent. Mr. Blazer also notified Amazon and other sites that CMF's trap infringed his patent. The notified sites dropped the modified trap from their sites.

On January 6, 2017, CMF preemptively filed a declaratory judgment law suit in the United States District Court for the Eastern District of Kentucky (the

"DJ Action")[3]. CMF sought a declaration that CMF's modified traps did not infringe Mr. Blazer's patent. Mr. Blazer filed a motion to dismiss or transfer (to this district) the DJ Action on the basis that the court hearing the DJ action did not have personal jurisdiction – either general or special – over him. That court agreed that it lacked personal jurisdiction and transferred the action to this district, where this action had been filed and where personal jurisdiction existed as to both Mr. Blazer and CMF. In the first page of its twenty-two page Memorandum Opinion and Order, that court stated

> The Court finds that it lacks personal jurisdiction over the defendant after considering the parties' briefs and arguments. As a result, this action will be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406, where venue is proper and a companion case is currently pending.

*Chrisman Mill Farms, LLC v. Brian R. Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 5:17-011-DCR (E.D. Ken.), Doc. 36, filed April 19, 2017.[4]

Upon transfer to this district, the DJ Action was docketed as *Chrisman Mill Farms, LLC v. Brian R. Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 1:17-cv-647-SGC (N.D. Ala.). Because the parties did not consent to full

---

[3] *Chrisman Mill Farms, LLC v. Brian R. Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 5:17-011-DCR (E.D. Ken.).

[4] The companion case referred to by the Judge in the DJ Action is this case. This case originally was assigned to Chief Magistrate Judge John E. Ott. However, on May 30, 2017, it was reassigned to the undersigned district judge.

jurisdiction of Magistrate Judge Staci G. Cornelius, the transferred DJ Action was randomly reassigned to the undersigned district judge (on May 16, 2017). The parties filed an agreed Stipulation of Dismissal (of the transferred DJ Action) on May 22, 2017. On May 23, 2017, the undersigned judge entered a final dismissal order (dismissing the transferred DJ Action).

On May 30, 2017, CMF filed an Answer, Defenses and Counterclaims in the present action. CMF's counterclaims in this action sets out the matters which had been stated as claims in the DJ Action.

On May 31, 2017, CMF filed the present Motion (to transfer venue). The Court takes judicial notice that, on July 6, 2017, Mr. Blazer filed, in the transferred DJ Action, a Motion for Relief from Judgment under Rule 60. The asserted basis for re-opening the transferred DJ Action is that CMF's present Motion constitutes fraud on this Court. (*See Chrisman Mill Farms, LLC v. Brian R. Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 1:17-cv-647-VEH, doc 45). That motion is also under submission and will be dealt with by separate order.

## II. The Parties' Arguments

In summary, in the present Motion, CMF argues that venue in patent cases is determined by 28 U.S.C. § 1400(a) and (b) and that, under that statute, this action must be transferred to the United States District Court for the Eastern

4

District of Kentucky. In both his Complaint (doc. 1) and his Amended Complaint (doc. 3), Mr. Blazer cited 28 U.S.C. §§ 1331, 1338(a), 1391, and 1400(b) as establishing the propriety of venue in this district. (*See* doc. 1 at 4 ¶12; *see also* doc. 3 at 4 ¶ 12). In his opposition to the Motion, Mr. Blazer argues that the Eastern District of Kentucky has resolved the issue of venue and determined that it is proper in the Northern District of Alabama. Specifically, he states, without hedging or equivocation, that

> [t]he Eastern District of Kentucky has already ruled that the proper venue for the parties' dispute is the Northern District of Alabama. CMF's claims against Blazer were already transferred here pursuant to 28 U.S.C. § 1406(a), the very same provision on which CMF now relies in seeking to transfer those claims back to the Eastern District of Kentucky. To transfer this case, involving the very same claims, back to the Eastern District of Kentucky now would result in the sort of "perpetual game of jurisdictional ping-pong" that the Supreme Court has recognized "would undermine public confidence in our judiciary, [and] squander private and public resources." *Christianson v. Colt Industries Operating Corp.*, 486 US 800, 818-19 (1988). Courts should avoid this result and "encourage, not discourage, quick settlement of questions of transfer … by adhering strictly to principles of law of the case." *Id*. at 819. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id*. Accordingly, this Court should defer to the prior transfer decision by the Eastern District of Kentucky if it finds that decision was merely plausible. Here, Judge Reeves' Order is well-reasoned and thorough. CMF has identified no clear error in Judge Reeves' order, and there is none. That ends this Court's inquiry – venue is properly laid in the Northern District of Alabama.

(Doc. 16 at 5).

### III. Analysis

A. <u>The "law of the case" does not control this Court's decision</u>

The undersigned agrees that "Judge Reeves'[s] Order is well-reasoned and thorough. CMF has identified no clear error in Judge Reeves'[s] order, and there is none." However, Mr. Blazer totally ignores the basis for Judge Reeves's Order. Specifically, Judge Reeves determined that the Eastern District of Kentucky did not have <u>personal</u> jurisdiction over Mr. Blazer. Remember that Mr. Blazer was the defendant in the DJ Action. Mr. Blazer sought dismissal or transfer of that action based on that court's lack of personal jurisdiction over him Judge Reeves did not have before him the issue that is before this court. That issue is, when a patent owner (Mr. Blazer) sues an alleged infringer (CMF), where can that action be brought?

> The "law of the case doctrine"
>
> does not extend to every issue that could be ever raised in a given litigation but rather is limited to those issues previously decided," *Heathcoat [v. Potts]*, 905 F.2d [367] at 370 [(11th Cir.1990)], *i.e.*, only to "issues decided expressly or by necessary implication." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985), *cert denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986).

*Commercial Union Ins. Co. v. SEPCO Corp.*, 300 F. Supp. 2d 1198, 1207 (N.D.

Ala. 2004)(alterations in original). Judge Reeves's Memorandum Opinion and Order clearly state that the issues presented to him were two: CMF's "motion for a temporary restraining order and preliminary injunction" against Mr. Blazer, and Mr. Blazer's "Motion To Dismiss or Transfer Venue under Rule 12(b)(2) of the Federal Rules of Civil Procedure." *Chrisman Mill Farms, LLC v. Brian R. Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 5:17-011-DCR (E.D. Ken.), 5:17-011-DCR, Doc. 36 at 1; *see also id*. at 5 (similar). More specifically, that document clearly reflects that the issue that Judge Reeves <u>decided</u> was that the Eastern District of Kentucky lacked general or specific <u>personal</u> jurisdiction over Mr. Blazer, the defendant. (*Id*. at 7 - 18). Judge Reeves also determined that, because the Eastern District of Kentucky lacked personal jurisdiction over Mr. Blazer, the DJ Action should be transferred to this district because the DJ Action

> could have been brought originally in the Northern District of Alabama, where venue and personal jurisdiction obtains. The defendant [Mr. Blazer] is domiciled in Alabama and, therefore, is subject to general jurisdiction in its courts. Further, regardless of whether 28 U.S.C. § 1306 or 28 U.S.C. § 1400(b) applies, venue is proper in Alabama because of [Mr. Blazer's] residency.

(*Id*. at 21 - 22). Clearly, when Judge Reeves said "regardless of whether 28 U.S.C. § 1306 or 28 U.S.C. § 1400(b) applies," he can hardly be said to have <u>held</u> that 28 U.S.C. § 1400(b) in fact applies.

Moreover, for the reasons in the next section of this Memorandum Opinion and Order, even if Judge Reeves can be said to have determined that the venue provision of 28 U.S.C. 1400(b) apply, that decision was clear legal error[5] and as such will not be followed by this Court.

B.  The Federal Circuit's opinion in *In re Cray, Inc.*

As stated in footnote 5, *supra*, on September 21, 2017, the Federal Circuit Court of Appeals issued its decision in *In re Cray Inc.*, — F.3d ---- (2017) 2017 WL 4201535 (Fed. Cir. Sept. 21, 2017), after Judge Reeves's transfer of the DJ Action. In *In re Cray*, the Federal Circuit Court granted a petition for mandamus and held, for the first time, that the denial of a motion to transfer venue in a patent infringement action to a district where the defendant had a physical presence was an abuse of discretion. That Circuit reversed the district court which had denied transfer and directed that the case be transferred.

The Federal Circuit explained, with a significant amount of patent litigation venue history, that a patent infringement action (which this is) can only be filed in a federal district where the alleged infringer meets all of the following

---

[5] In fairness to Judge Reeves, his error was not at all clear at the time it occurred. It was not until September 21, 2017, five months after Judge Reeves's Memorandum Opinion and Order was entered, that the Federal Circuit Court of Appeals issued its decision in *In re Cray Inc.*, --- F.3d ---- (2017) 2017 WL 4201535 (September 21, 2017), a decision that this Court finds controlling.

8

requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) <u>it must be the place of the [alleged infringer]</u>. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*, ___ F. 3d at ___, 2017 WL 4201535 at *4 (emphasis supplied).

That decision is binding on this Court. *In re Cray*, No. 2017-129, 2017 WL 4201535, at *4 ("In matters unique to patent law, this court applies its own law. Section 1400(b) is unique to patent law, and constitutes the exclusive provision controlling venue in patent infringement proceedings. Thus, Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires.") (internal alterations and citations omitted).

**IV. Conclusion**

There is no dispute that CMF fails to meet all three of the elements required in order to sue a defendant for patent infringement in this district. There is also no dispute that CMF does meet all three required elements in the Eastern District of Kentucky.[6] Accordingly, it is hereby **ORDERED** as follows:

1. Defendant CMF's Motion To Transfer Venue (Doc. 12) is

---

[6] The fact that this transfer is to a court that lacked personal jurisdiction over Mr. Blazer as a <u>defendant</u> in the DJ Action but that undoubtedly will have personal jurisdiction over him as a <u>plaintiff</u> in this patent infringement action is ironic, but has no impact on this Court's analysis.

**GRANTED**.

2. In accordance with 28 U.S.C. §1406(a), this civil action is **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky, Central Division.

3. The Clerk of Court is **DIRECTED** to **TRANSFER** this matter in accordance with the Court's instructions set out above.[7]

**DONE** and **ORDERED** this the 16th day of October, 2017.

*/s/ V.E. Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[7] The pending Motion To Dismiss Amended Counterclaims (Doc. 21) is carried with the case.